# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

DAVID GAFFIN and E.S. VOGT on     :
behalf of himself and others similarly   :
situated,     :
    :     Case No.
    Plaintiffs,     :
    :
v.     :
    :
    :
AMERGY SOLAR INC.     :
    :
    Defendant.     :

_____/

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.　　Plaintiffs David Gaffin ("Mr. Gaffin") and E.S. Vogt ( "Mr. Vogt") (collectively referred to as "Plaintiffs") bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.　　In violation of the TCPA, Amergy Solar, Inc. ("Amergy Solar") initiated multiple telemarketing calls to a telephone number Mr. Vogt had registered on the National Do Not Call Registry for the purposes of advertising their goods and services. Also in violation of the TCPA, Amergy Solar used an automated dialing system to call the cellular telephone of Mr. Gaffin with a pre-recorded message.

3.　　The Plaintiffs never consented to receive these calls, and they were placed to them for telemarketing purposes.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiffs bring this

action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff David Gaffin is a resident of the state of Massachusetts in this District.

6.      Plaintiff E.S. Vogt is a resident of the state of Massachusetts in this District.

7.      Defendant Amergy Solar, Inc. is a Delaware corporation that has its principal office in Piscataway, NJ, and a registered agent in this District of Wei Wang, 160 Old Derby St., Suite 112, Hingham, MA 02043.

## Jurisdiction & Venue

8.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing calls that gave rise to the Plaintiffs' claims occurred here.

## The Telephone Consumer Protection Act

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

11.     The National Do Not Call Registry allows consumers to register their telephone

numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.

*See* 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until

the registration is cancelled by the consumer or the telephone number is removed by the database

administrator."  *Id*.

12.     The TCPA and implementing regulations prohibit the initiation of telephone

solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R.

§ 64.1200(c)(2).

13.     A person whose number is on the Registry, and who has received more than one

telephone call within any twelve-month period by or on behalf of the same entity in violation of

the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5).

14.     The regulations exempt from liability a caller who has obtained the subscriber's

signed, written agreement to receive telephone solicitations from the caller.

47 C.F.R. § 64.1200(c)(2)(ii).  That agreement must also include the telephone number to which

the calls may be placed.  *Id.*


<u>The TCPA Prohibits Automated Telemarketing Calls</u>

15.     The TCPA makes it unlawful "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The

TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

16.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

17.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

18.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

19.     Plaintiffs are, and at all times mentioned herein, a "person" as defined by

47 U.S.C. § 153(39).

20.     Amergy provides Solar Power solutions in New Jersey, New York, California and

Massachusetts.

21.     In order to generate new clients, Amergy relies on telemarketing.

22.     In fact, Amergy Solar regularly tries to hire employees to engage in

telemarketing:

Job description

**SEEKING SOLAR TELEMARKETERS FOR IMMEDIATE HIRE
(ENCINO, CA)**

We are a rapidly expanding solar energy company that proudly services Southern
California, and are seeking to add to our excellent telemarketing team.

*See* https://www.linkedin.com/jobs/view/152400784 (Last Visited October 14, 2016).

23.     One of Amergy Solar's strategies for marketing its credit card processing services

involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

24.     Amergy Solar uses ATDS equipment that has the capacity to store or produce

telephone numbers to be called and which includes autodialers and predictive dialers, and plays a

prerecorded message once the calls connect.

25.     Plaintiffs are not a customer of Defendant, and have not provided Defendant with

their personal information or telephone number for the purpose of receiving telemarketing calls.

<u>Calls to Mr. Gaffin</u>

26.     On September 27, 2016, Mr. Gaffin's cellular telephone number, (508) 254-

XXXX, was contacted by the Defendant for the purpose of promoting their goods and services.

27.     The Caller ID used to call Mr. Gaffin was (508) 506-8073.

28.     When the call was answered, there was a lengthy pause and a click followed by silence before a pre-recorded message came on the line, which indicated to him that the call was made using an ATDS.

29.     In fact, the use of a pre-recorded message itself is indication that the calls were made with an ATDS, as it would not make any logical sense to hand-dial a call only to play a pre-recorded message.

30.     Following the lengthy pause and extended silence, a prerecorded message played, stating words to the effect that the call was solar services.

31.     That call was made for the purpose of promoting and attempting to sell Amergy Solar's goods and services.

Calls to Mr. Vogt

32.     Mr. Vogt's home telephone number, (781) 585-XXXX, has been on the National Do Not Call Registry for a number of years prior to receipt of the calls from the Defendant.

33.     Mr. Vogt has never removed his residential telephone number from the National Do Not Call Registry.

34.     On October 4, 2016, Mr. Vogt received multiple calls from Amergy Solar promoting their goods and services.

35.     The Caller ID used to call Mr. Vogt was (781) 897-6393.

36.     The purposes of these calls were to generate sales for Amergy Solar.

37.     In fact, to further investigate the nature of the calls, Mr. Vogt received a visit from Amergy Solar as a result of the illegal telemarketing calls to his home.

38.     On October 7, 2016, Ryan Price, a "sales representative" for Amergy, appeared at

Mr. Vogt's home as a result of the telemarketing calls.

**Class Action Allegations**

39.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings

this action on behalf of a class of all other persons or entities similarly situated throughout the

United States.

40.     The classes of persons Plaintiffs proposes to represent are tentatively defined as:

Class 1: National Do Not Call Registry Class

All persons within the United States: (a) whose phone numbers were registered on
the Do Not Call Registry, (b) within the four years before the filing of the initial
Complaint through the date of class certification, (c) received more than one
telemarketing call within any twelve-month period (d) from, or on behalf of,
Defendant.

Class 2: Automated Telephone Dialing System Class

All persons within the United States:  (a) Defendant and/or a third party acting on
their behalf, made one or more non-emergency telephone calls; (b) promoting
Defendant's products or services; (c) to their cellular telephone number; (d)
through the use of an automatic telephone dialing system or an artificial or
prerecorded voice; and (e) at any time in the period that begins four years before
the date of filing this Complaint to trial.

41.     Excluded from the classes are the Defendant, and any entities in which the

Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom

this action is assigned and any member of such judge's staff and immediate family.

42.     The class as defined above is identifiable through phone records and phone

number databases.

43.     The potential class members number at least in the thousands.  Individual joinder

of these persons is impracticable.

44.     Plaintiff Gaffin is a member of class of Class 2, and Plaintiff Vogt is a member of Classes 1 and 3.

45.     There are questions of law and fact common to Plaintiffs and to the proposed classes, including but not limited to the following:

a.     Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

b.     Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

c.     Whether Defendant violated the TCPA by using automated telemarketing to call cellular telephones;

d.     Whether the Defendant violated by use of a pre-recorded message;

e.     Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Defendant's actions.

46.     Plaintiffs' claims are typical of the claims of class members. Plaintiffs' claims, like the claims of the Class arise out of the same common course of conduct by Amergy Solar and are based on the same legal and remedial theories.

47.     Plaintiffs are an adequate representative of the classes because their interests do not conflict with the interests of the classes, they will fairly and adequately protect the interests of the classes, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

48.     Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

49.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

50.     The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

51.     Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

52.     Plaintiff Vogt incorporates the allegations from all previous paragraphs as if fully set forth herein.

53.     The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

54.     As a result of Amergy Solar' and/or its affiliates, agents, and/or other persons or entities acting on Amergy Solar' behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Amergy Solar and/or its affiliates, agents, and/or other persons or entities acting on Amergy Solar's behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry.

56.     The Defendant's violations were negligent and/or knowing.

**Count Two:**
**Violation of the TCPA's Automated Calling provisions**

57.     Plaintiff Gaffin incorporates the allegations from all previous paragraphs as if fully set forth herein.

58.     The foregoing acts and omissions of Amergy Solar and/or its affiliates, agents, and/or other persons or entities acting on Amergy Solar' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

59.     As a result of Amergy Solar' and/or its affiliates, agents, and/or other persons or entities acting on Amergy Solar' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Pivotal Payments and/or its affiliates, agents, and/or other persons or entities acting on Pivotal Payments' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by

making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

61.     The Defendant's violations were negligent and/or knowing.

## Relief Sought

For himself and all class members, Plaintiffs request the following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiffs as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.     A declaration that Amergy Solar and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Amergy Solar and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiff and the Class of damages, as allowed by law;

G.     An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H.     Leave to amend this Complaint to conform to the evidence presented at trial; and

I.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiffs request a jury trial as to all claims of the complaint so triable.**

PLAINTIFFS,
By their attorneys

*/s/ Anthony I. Paronich*
Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net